## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| THE HEALTH LAW PARTNERS, P.C. ) | **Case No. 24-cv-11332** |
| ) | |
| Plaintiff, ) | **HON. MARK A. GOLDSMITH** |
| ) | |
| v. ) | **COMPLAINT FOR DAMAGES** |
| ) | |
| MICHAEL GONZALES ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| Defendant. ) | |

_____

*There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint.*

## FIRST AMENDED COMPLAINT

Plaintiff, The Health Law Partners, P.C. ("**HLP**"), brings this First Amended Complaint for damages against Michael Gonzales ("**Gonzales**" or "**Defendant**"), and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a Michigan professional corporation with its principal place of business located in Michigan.

2.      Defendant Gonzales is an individual who resides in Texas, where – upon information and belief – he intends to remain.

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4.      Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to this action occurred in Farmington Hills, Michigan[1].

## GENERAL ALLEGATIONS

5.      Plaintiff is a law firm principally engaged in the business of providing legal advice and legal services.

6.      Commencing at least as early as 2015, and pursuant to the Parties' agreement, Defendant engaged the services of HLP for assistance in a variety of legal matters, including assistance with Defendant's wholly owned company, NuERA Medical, L.L.C., a Texas limited liability company with its principal place of business located in Cameron County, Texas ("**NuERA**").

7.      In 2023, Gonzales contacted HLP for assistance and representation in response to himself and NuERA being named as defendants in a matter filed in the United States District Court for the Southern District of Texas Case No. 1:21-cv-

---

[1] Defendant was aware that HLP is located in, and operates out of, it's Farmington Hills, Michigan, location. Apart from HLP's physical attendance of hearings in the Federal Complaint, all work and services were performed for Defendant at HLP's offices in Michigan.

181, *United States of America and The State of Texas, ex rel. Dr. Jose G. Dones v. Harlingen Medical Center L.P., Dr. Eric G. Six, Valley Neurosurgeons P.L.L.C., Michael Gonzales, NuERA Medical L.L.C., and Prime Healthcare Services, Inc.* (the "**Federal Complaint**").

8.      The Federal Complaint alleged causes of action against Defendant and for: (1) Violations of the False Claims Act; (2) Conspiracy Under the False Claims Act; (3) Violations of the Texas Medicaid Fraud Prevention Act; and (4) Conspiracy Under the Texas Medicaid Fraud Prevention Act.

9.      The underlying predicate for the purported False Claims Act/Fraud Prevention Act violations was an alleged violation of the Federal Anti-Kickback Statute, a law with both criminal and civil components.

10.     Federal False Claims Act and Anti-kickback Statute matters are complex and specialized. HLP is well versed in both.

11.     Before entering into the representation, HLP explained the high risks in defending against such actions, in terms of potential liability if the case is lost, costs incurred in defending such cases, case strategy, and the imperative need to win at the Motion to Dismiss phase to avoid extensive legal fees in discovery and through trial.

12.     False Claims Act violations carry the potential for treble damages, ***per-claim*** penalties of up to $27,894 per violation (with each individual tainted medical bill constituting a claim), and attorney fee-shifting.

13.     Defendant faced tens-of-millions of dollars in potential liability in the Federal Complaint.

14.     HLP vigorously represented Gonzales in the Federal Complaint, ultimately being granted a Rule 12(b)(6) Motion to Dismiss the Federal Complaint with prejudice in its entirety.

15.     Additionally, HLP was successful in negotiating an agreement with plaintiff post-dismissal in the Federal Complaint wherein Plaintiff not only waived any rights to an appeal, but also agreed to not file a new lawsuit with state law claims that were not adjudicated in the Federal Complaint dismissal.

16.     Defendant currently owes HLP $124,497.94 for the legal fees and related services and expenses provided by HLP, as reflected in the Statement of Account attached hereto as **Exhibit A**.

17.     During the representation and afterwards, Defendant has never contested the quality of the legal work and services rendered by HLP, the rates charged for work performed, or otherwise disputed any of the amount owed to HLP, as reflected in **Exhibit A**.

18.     HLP has made numerous written and oral demands for payment of the $124,497.94 account balance owed by Defendant; however, Defendant has failed or otherwise refused to make any additional payments.

## COUNT I – BREACH OF CONTRACT

19.     Plaintiff incorporates and restates herein the allegations contained in each of the above paragraphs.

20.     Defendant entered into a contract with HLP wherein HLP would provide legal services for Defendant in consideration for Defendant's timely payment of HLP's invoices.

21.     HLP has fully performed its obligations under the contract.

22.     Defendant has breached the contract by failing to pay HLP for its services performed.

23.     As a direct and proximate result of this breach of the contract by Defendant, Plaintiff has incurred damages of $124,497.94, exclusive of costs and interest.

## COUNT II – UNJUST ENRICHMENT

24.     Plaintiff incorporates and restates herein the allegations contained in each of the above paragraphs.

25.     Defendant received the benefit of legal services and resources provided by HLP.

26.     The reasonable value of the benefits and services provided to Defendant by HLP, for which Defendant has failed or otherwise refused to pay is $124,497.94, exclusive of costs and interest.

27.     It would be inequitable to allow Defendant to retain these benefits without compensating HLP for the same.

28.     To avoid the unjust enrichment, HLP should be awarded damages in the amount of $124,497.94, exclusive of costs and interest.

## **COUNT III – QUANTUM MERUIT**

29.     Plaintiff incorporates and restates herein the allegations contained in each of the above paragraphs.

30.     Defendant received the benefit of legal services and resources provided by HLP.

31.     The reasonable value of the services performed by HLP for which Defendant has failed or otherwise refused to pay is at least $124,497.94, exclusive of costs and interest.

32.     Under the theory of quantum meruit, HLP is entitled to be compensated for the fair value of the services provided to and accepted by Defendant.

## CONCLUSION AND RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant in the amount of $124,497.94, exclusive of costs and interest, plus attorney fees and costs, and award any such further relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, HLP demands a trial by jury in this action on all issues so triable as of right.

**Dated**: May 22, 2024                    Respectfully submitted,

**THE HEALTH LAW PARTNERS, P.C.**

/s/ Clinton Mikel
Clinton Mikel (P73496)
Mark Breaugh (P84626)
Attorney for Plaintiff
32000 Northwestern Hwy., Suite 240
Farmington Hills, MI 48334
Phone (248) 996-8510
Fax (248) 996-8525
cmikel@thehlp.com
mbreaugh@thehlp.com